# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60064
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2017

Lyle W. Cayce
Clerk

BENITO BARAJAS-FLORES,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A026 556 982

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Benito Barajas-Flores, a Mexican citizen, became a lawful permanent resident in 1982. In 2003, Barajas-Flores was removed from the United States because he had been convicted of a controlled substance violation, an aggravated felony. Barajas-Flores filed a motion to reopen with the Immigration Judge (IJ) in 2014 arguing that under the Supreme Court's decision in *Lopez v. Gonzalez*, 549 U.S. 47 (2006), which was handed down after he was deported, his drug conviction was not an aggravated felony, meaning

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he was eligible for cancellation of removal.  Moreover, he contended that under *Garcia-Carias v. Holder*, 697 F.3d 257 (5th Cir. 2012), also decided after his removal, the IJ had jurisdiction to consider whether the 90-day period for filing a motion to reopen should be equitably tolled despite that he had already departed the United States through deportation.  The IJ denied the motion to reopen citing the regulatory bar on considering untimely motions to reopen filed by aliens who have been removed from the United States.  The IJ therefore concluded that it lacked jurisdiction to consider the motion.  Barajas-Flores appealed to the Board of Immigration Appeals (BIA).  The BIA dismissed the appeal.  The BIA determined that the motion was untimely and that Barajas-Flores failed to establish that any of the statutory or regulatory exceptions applied to the time limitation.  The BIA further concluded that Barajas-Flores's departure barred consideration of the motion sua sponte.  Barajas-Flores filed a timely petition for review from this order.  The proceedings were stayed pending our decision in *Lugo-Resendez v. Lynch*, 831 F.3d 337 (5th Cir. 2016).

We review the denial of a motion to reopen applying the highly deferential abuse-of-discretion standard.  *Lugo-Resendez*, 831 F.3d at 340.  The BIA abuses its discretion when its decision "is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies. " *Id.* (internal quotation marks and citation omitted).

A petitioner who "seek[s] to reopen his removal proceedings has two options: (1) he can invoke the court's regulatory power to sua sponte reopen proceedings under either 8 C.F.R. § 1003.23(b) or 8 C.F. R. § 1003.2(a); or (2) he can invoke his statutory right to reopen proceedings under § 1229a(c)(7)." *Lugo-Resendez*, 831 F.3d at 340-41.  Section 1229a(c)(7), provides an alien the

right to file one motion to reopen his removal proceedings. *See id.* at 339. The motion must be filed within 90 days after the date of entry of the final order of removal. *See* § 1229a(c)(7)(C)(i). We recently held, however, that statutory motions to reopen are subject to equitable tolling. *Lugo-Resendez*, 831 F.3d at 343-44. If an alien's motion to reopen is not timely filed, it is deemed a regulatory motion because the alien's only available avenue for relief is to ask the IJ or the BIA to invoke its regulatory authority to sua sponte reopen the removal proceedings. *See id.* at 342.

The Attorney General has promulgated two different "departure bars"— one that applies to the Immigration Court and one that applies to the BIA— that prevent aliens who have departed the United States from filing either type of motion to reopen. *See Toora v. Holder*, 603 F.3d 282, 287-88 (5th Cir. 2010) (applying § 1003.23(b)(1) concerning IJ reopening); *Ovalles v. Holder*, 577 F.3d 288, 296-97 (5th Cir. 2009) (applying § 1003.2(d) concerning BIA reopening). We have upheld the application of the departure bar to regulatory motions to reopen and invalidated the application of the departure to statutory motions to reopen. *Navarro-Miranda v. Ashcroft,* 330 F.3d 672, 675-76 (5th Cir. 2003), 330 F.3d at 675-76; *Garcia-Carias*, 697 F.3d at 264.

Barajas-Flores contends that the BIA erred in determining that the IJ was without jurisdiction to consider the motion to reopen and in recharacterizing the motion as a request for regulatory, sua sponte reopening rather than a statutory reopening. He asserts that the regulatory bar on reopening proceedings after an alien has been deported does not apply where, as here, the alien seeks statutory reopening of the proceedings based on a change in the law that occurred after the deadline for filing a motion to reopen.

The Government argues that the BIA properly denied Barajas-Flores's motion to reopen as untimely because Barajas-Flores did not file his motion to reopen until eleven years after the expiration of the 90-day time limit for

motions to reopen.   The Government also argues that the BIA properly concluded that it lacked the authority to consider Barajas-Flores's request for sua sponte reopening pursuant to the post-departure bar.

In *Lugo-Resendez,* Lugo-Resendez filed a motion to reopen his removal proceedings subsequent to the Supreme Court's decision in *Lopez,* which was decided after he was deported in 2003, on the basis that his drug conviction was not an aggravated felony, meaning that he was eligible for cancellation of removal.   831 F.3d at 339.   Lugo-Resendez filed his motion to reopen in 2014 after he became aware of *Lopez* and *Garcia-Carias.   Id.* at 339-40.   Lugo-Resendez argued that his motion to reopen was a statutory motion to reopen because the motion was timely under the principles of equitable tolling.   *Id.* at 342-43.   The Government argued that because the motion was untimely, the only relief available was under the BIA's sua sponte regulatory authority, which was precluded by the departure bar.   *Id.* at 342.   We found that the IJ had skipped a step in the timeliness analysis by failing to analyze whether the deadline should be equitably tolled, and as a result, determined there was an abuse of discretion.   *Id.* at 343.   We did not address whether the petitioner was entitled to equitable tolling and instead remanded the case because the record was insufficiently developed to determine whether the petitioner had met the standard and the parties failed to discuss the relevant facts in sufficient detail. *Id.* at 344.   As in *Lugo-Resendez,* the BIA in the instant case skipped a step in the timeliness analysis by failing to analyze whether the deadline should be equitably tolled.   Accordingly, we hold that the BIA abused its discretion in failing to address equitable tolling, GRANT the petition for review, and REMAND to the BIA for consideration of whether equitable tolling is appropriate.   *See id.* at 344-45.