# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2017

Lyle W. Cayce
Clerk

No. 14-60895
Summary Calendar

VICTOR VILLEGAS, also known as Victor Hernandez Villegas,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 216 266

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Victor Villegas, a native and citizen of Mexico, entered the United States on December 3, 1975, without admission or parole by an immigration officer, when he was seventeen years old. On March 17, 1990, his status was adjusted to that of a lawful permanent resident. On July 20, 2000, Villegas was removed from the United States after the Board of Immigration Appeals (BIA) determined that Villegas was removable as an alien convicted of an aggravated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60895

felony, a crime of violence, because he had been convicted in Texas of felony driving while intoxicated (DWI).

Meanwhile, Villegas reentered the United States not long after his removal.  He was detained by ICE on June 14, 2013, and ICE reinstated Villegas's October 1999 order of removal.  On June 17, 2013, Villegas filed a motion to reconsider or reopen and terminate his removal proceedings with the BIA on the basis that after *United States v. Chapa-Garza*, 243 F.3d 921, 927 (5th Cir. 2001), and *Leocal v. Ashcroft*, 543 U.S. 1, 3-4 (2004), a Texas felony DWI offense was not a crime of violence, as defined in 18 U.S.C. § 16(b), and therefore was not an aggravated felony, as set forth in 8 U.S.C. § 1101(a)(43)(F).  On January 13, 2014, DHS moved to remand the case to the BIA so that it could consider whether it had jurisdiction to reopen Villegas's case; whether Villegas's DWI offense was a crime of violence under *Leocal* and *Chapa-Garza*,; and whether sua sponte reopening was warranted.

On November 13, 2014, on remand, the BIA declined to reopen or reconsider Villegas's case.  The BIA noted that it had concluded in its February 18, 2014 and August 21, 2013 decisions that the departure bar applied; that even assuming it had jurisdiction, Villegas's motion was both statutorily time and number barred; that Villegas's motion was not statutorily authorized; and that the departure bar could be applied, which precluded it from exercising jurisdiction sua sponte.  The BIA found that "[u]pon reconsideration," there was "no factual or legal error in either [its] August 21, 2013, and February 18, 2014, decisions," noting that Villegas's "motion was not a statutory motion."

Villegas filed a timely petition for review from this order.  The proceedings were stayed pending a decision by the Supreme Court in *Mata v. Lynch*, 135 S. Ct. 2150 (2015), and again pending a decision in *Lugo-Resendez v. Lynch*, 831 F.3d 337 (5th Cir. 2016).

No. 14-60895

This Court reviews the denial of a motion to reopen applying the highly deferential abuse-of-discretion standard. *Lugo-Resendez*, 831 F.3d at 340. The BIA abuses its discretion when its decision is "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.* (internal quotation marks and citation omitted).

Villegas contends that he is entitled to equitable tolling of the 90-day period for filing motions to reopen in 8 U.S.C. § 1229a(c)(7)(A), (C)(i) because the crime for which he was convicted is not a crime of violence and that he was unaware of *Chapa-Garza* and *Leocal*. In his supplement to his motion to reconsider or reopen, Villegas argued that the 90-day time limit for filing motions to reopen was not jurisdictional and that equitable tolling would be appropriate in his case because he was not aware of *Leocal* until he met with his counsel some years later. The BIA did not address the issue of equitable tolling in its order of August 21, 2013. In its subsequent order of November 13, 2014 on remand, the BIA reaffirmed its prior ruling that it did not have jurisdiction over Villegas's motion because it was not a statutory motion. The BIA did not consider or address equitable tolling.

The respondent notes that the BIA did not address equitable tolling. The respondent states that if the Supreme Court in *Mata v. Lynch* concluded that statutory motions to reopen were amenable to equitable tolling, "the Court should remand this case to the Board so that it may apply that doctrine and determine whether Petitioner's motion was timely."

Although *Mata* declined to decide whether equitable tolling applies to the 90-day period to file a motion to reopen, 135 S. Ct. at 2155 n.3, we held that statutory motions to reopen are subject to equitable tolling in *Lugo-Resendez,*

3

No. 14-60895

831 F.3d at 343-44.  In *Lugo-Resendez*, we explained that the proper equitable tolling standard in this context is the same as in others: the alien must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 344.  We did not address whether the petitioner was entitled to equitable tolling and instead remanded the case because the record was insufficiently developed to determine whether the petitioner had met the standard and the parties failed to discuss the relevant facts in sufficient detail.  *Id.*

Following *Lugo-Resendez*, we hold that the BIA abused its discretion in failing to address equitable tolling, GRANT the petition for review, and REMAND to the BIA for consideration of whether equitable tolling is appropriate.  *Lugo-Resendez,* 831 F.3d at 344-45.