# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2021

Lyle W. Cayce
Clerk

No. 19-60274

Fredy Omar Gonzalez Hernandez,
*also known as* Fredy Omar Gonzalez,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A043 733 593

Before Jones, Costa, and Duncan, *Circuit Judges*.
Edith H. Jones, *Circuit Judge*:

Fredy Omar Gonzalez Hernandez, a lawful permanent resident reared in Katy, Texas, was removed to El Salvador because of a conviction that qualified as a "crime of violence" under the Immigration Nationality Act. Years later, on April 17, 2018, Gonzalez Hernandez learned of the Supreme Court's decision in *Sessions v. Dimaya*, which he alleged made his removal unlawful. 138 S. Ct. 1204 (2018). He filed a motion to reconsider and terminate, or, in the alternative, to reopen proceedings. The Board of Immigration Appeals ("BIA") construed the motion as one to reconsider and

No. 19-60274

dismissed it, concluding that the equitable tolling period (if any) ended on April 17, and the motion was filed more than 30 days later, beyond the statutory deadline. The BIA also declined to consider the motion as one to reopen, although, taking tolling into account, it was timely filed before the 90-day statutory deadline. Gonzalez Hernandez petitioned this court for review of the denial of his motion both as to reconsideration and as to reopening. We deny relief and emphasize the statutory difference between these two administrative review devices.

## BACKGROUND

Fredy Omar Gonzalez Hernandez is a native and citizen of El Salvador. He arrived in the United States with his family when he was six years old. In 1992, he became a lawful permanent resident.

On January 18, 2001, Gonzalez Hernandez pled guilty to one count of violating Texas Penal Code § 22.05(b), entitled "Deadly Conduct," which criminalizes knowingly discharging a firearm at or in the direction of one or more individuals or a habitation, building, or vehicle while being reckless as to whether that habitation, building, or vehicle is occupied. Originally, Gonzalez Hernandez was sentenced to eight years deferred adjudication. He was sentenced to four years of incarceration and a $500 fine after he violated the terms of his deferred adjudication.

On May 10, 2001, Gonzalez Hernandez was served with a Notice to Appear (NTA). The NTA charged Gonzalez Hernandez as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien who committed an aggravated felony defined by 8 U.S.C. § 1101(a)(43)(F) as a crime of violence. The NTA did

not specify a date or time for the hearing.  A second notice, which included a date and time, was served on June 13, 2001.[1]

Gonzalez Hernandez, acting pro se, filed an application for withholding of removal.  The case came for a merits hearing on January 17, 2002.  The Immigration Judge ("IJ") denied Gonzalez Hernandez's application for withholding of removal and ordered him removed to El Salvador.  Gonzalez Hernandez hired counsel and appealed to the BIA.  His appeal was filed after the filing deadline passed.  The IJ also noted that Gonzalez Hernandez may have waived his right to appeal.  The record evidences that the attorney who filed the appeal late was later disbarred and suspended from practicing in front of the Immigration Courts for five years.

After completing his incarceration, Gonzalez Hernandez was removed to El Salvador, where he still resides today.  On April 17, 2018, the Supreme Court issued its opinion in *Sessions v. Dimaya*. 138 S. Ct. 1204.  In *Dimaya,* the Supreme Court held that 18 U.S.C. § 16(b) as incorporated into 8 U.S.C. § 1101(a)(43)(F) is unconstitutionally vague.  138 S. Ct. at 1223.  Therefore, the Supreme Court found the term "crime of violence" as defined in § 16(b) is so vague that it violates an alien's right to due process. *Id.*

Also on April 17, 2018, Gonzalez Hernandez's brother Daniel told him about the *Dimaya* case, reached out to an immigration attorney, and contacted the nonprofit Immigrant Defense Project.  The Immigrant Defense Project assigned Gonzalez Hernandez pro bono counsel on June 21, 2018.  On

---

[1] On review, Gonzalez Hernandez does not raise any arguments challenging the IJ's denial of his request for reconsideration under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).  Issues not addressed in briefing are waived.  *See* FED. R. APP. P. 28(a)(8)(A); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (internal citations omitted).  Consequently, this issue is not addressed any further.

July 12, 2018, pro bono counsel filed what Gonzalez Hernandez calls on appeal a motion to reconsider and terminate, or in the alternative, reopen (the motion). When filed, the motion was entitled "Respondent's Motion to Reconsider and Terminate in Light of *Sessions v. Dimaya.*" In a lone, un-argued sentence the motion requests reopening as well as reconsideration. The government did not file a response to the motion.

The IJ denied the motion on August 31, 2018. As a threshold matter, the IJ found that the motion was untimely because it was not filed within 30 days of the final administrative order of removal. The IJ then determined that April 17, 2018 was the date that Gonzalez Hernandez learned about *Dimaya.* The IJ based this conclusion on affidavits Gonzalez Hernandez submitted regarding when Daniel told him about the case. Assuming that Gonzalez Hernandez was entitled to equitable tolling, the IJ concluded that the motion was untimely because it was not filed within 30 days of the date Gonzalez Hernandez learned of the change in the law that the motion was based on.

On September 27, 2018, Gonzalez Hernandez appealed the IJ's decision to the BIA. The BIA dismissed the appeal on March 27, 2019. The BIA found that the filing period for Gonzalez Hernandez's *Dimaya*-based claim could be equitably tolled until April 17, 2018, the date he learned of the potential impact of that case on his claim. Then, the BIA found that Gonzalez Hernandez was required to file the motion within 30 days. Importantly, the BIA found that the 90-day deadline for motions to reopen could not apply, as a change in the law could not form the basis of a motion to reopen. Because Gonzalez Hernandez failed to file the motion within 30 days of learning of

*Dimaya*, the BIA dismissed the appeal.  Gonzalez Hernandez filed a timely petition for review.

## DISCUSSION

This court reviews the decision of the BIA and will only consider the IJ's underlying decision if it influenced the BIA's determination.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Here, the BIA affirmed the IJ's decision based on the IJ's reasoning.  Accordingly, this court can review the IJ's decision.  *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).  The BIA's legal conclusions are reviewed de novo.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).  The BIA's factual findings are reviewed for substantial evidence.  *Id.* at 517–18.

Where the BIA has applied the correct law, this court reviews the denial of motions to reopen and for reconsideration under a highly deferential abuse-of-discretion standard.  *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005); *see also Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203–04 (5th Cir. 2017).  This court will affirm the BIA's decision unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Zhao*, 404 F.3d at 304 (internal citation omitted).

## I.  The BIA did not err by denying Gonzalez Hernandez's motion to reconsider as time barred

Gonzalez Hernandez argues that there is no legal requirement that a motion to reconsider must be filed within 30 days of the discovery of a change in law to seek reconsideration.  He contends that the imposition of such a requirement is inconsistent with the doctrine of equitable tolling.  Gonzalez Hernandez further argues that the BIA erred by measuring his diligence from the date he learned of the *Dimaya* case rather than from the date his counsel advised him that *Dimaya* rendered his removal unlawful.  He asserts that he

was first advised by counsel on June 21, 2018, and that the motion was filed less than 30 days later.  Thus, Gonzalez Hernandez argues that he filed the motion within 30 days of the discovery that his removal was unlawful.

The government argues that the BIA did not abuse its discretion by denying the motion as untimely, as the BIA must determine the extent to which equitable tolling applies and then apply the statutorily prescribed time limit for filing motions to reconsider set forth in 8 U.S.C. § 1229a(c)(6)(B).  Essentially, the government argues that the proper statutory filing deadline begins to run on the date that the BIA determines that the hardship preventing timely filing ends.  The government further contends that the BIA applied the statutorily prescribed time limit set forth in § 1229a(c)(6)(B) after determining when equitable tolling stopped.

An alien may file only one motion to reconsider and must do so "within 30 days of the date of entry of a final administrative order of removal."  § 1229a(c)(6)(A)–(B).  The motion to reconsider must "specify the errors of law or fact in the previous order and . . . be supported by pertinent authority."  § 1229a(c)(6)(C).  Likewise, an alien may file a motion to reopen only once.  *See Mejia v. Whitaker*, 913 F.3d 482, 486 (5th Cir. 2019).  Motions to reopen must set forth evidence that is both material and was not available at the time of the underlying proceedings.  *Ogbemudia v. I.N.S.*, 988 F.2d 595, 599–600 (5th Cir. 1993).  To qualify as material, evidence "must be likely to change the result of the alien's underlying claim for relief." *Qorane v. Barr*, 919 F.3d 904, 912 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 907 (2020).  A motion to reopen must be filed within 90 days after the date of entry of the final order of removal.  § 1229a(c)(7)(C)(i).

In *Lugo-Resendez v. Lynch,* this court found that in some circumstances, equitable tolling of the filing deadline may be appropriate. 831 F.3d 337, 344 (5th Cir. 2016).  An alien is entitled to equitable tolling of a

statute of limitations only if: (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance has stood in his way and prevented timely filing. *Id.* To meet the first element of due diligence, an alien must "establish that he pursued his rights with 'reasonable diligence,' not 'maximum feasible diligence.'" *Id.* (quoting *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)). For the second element, an alien must "establish that an 'extraordinary circumstance' 'beyond his control' prevented him from complying with the applicable deadline." *Id.* (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)). Besides these two main elements, the Fifth Circuit has repeatedly stated that "the doctrine of 'equitable tolling does not lend itself to bright-line rules.'" *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). The BIA should give "due consideration" to the fact that "many departed aliens are poor, uneducated, unskilled in the English language, and effectively unable to follow developments in the American legal system." *Id.* at 345.

The IJ determined that equitable tolling ended on the date that Gonzalez Hernandez learned of the *Dimaya* decision. The motion was analyzed below only as a motion to reconsider. If the BIA correctly categorized the motion, the BIA's conclusion was not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao,* 404 F.3d at 303–04 (internal citation omitted). The IJ, considering the affidavits of Gonzalez Hernandez and his brother Daniel, determined that Gonzalez Hernandez had enough information to know that a motion needed to be filed after discovering the *Dimaya* case. The affidavits support that conclusion, as they explain that the brothers thought *Dimaya* rendered Gonzalez Hernandez's deportation unlawful immediately after discovering the case. Moreover, in *Gonzalez-Cantu v. Sessions,* this court indicated that the date of discovery of a case could be the basis of the alien's

motion was the point at which filing deadlines began to run. 866 F.3d 302, 305 (5th Cir. 2017). Accordingly, the BIA's decision to end the tolling period on the date that Gonzalez Hernandez learned of the *Dimaya* case was supported by the evidence. *Zhao,* 404 F.3d at 303–04.

## II. The BIA did not err by declining to construe Gonzalez-Hernandez's motion to reconsider as a motion to reopen.

Gonzalez Hernandez argues that the BIA and the IJ should have construed the motion as a motion to reopen, applied the 90-day deadline applicable to a motion to reopen, and considered his arguments. Specifically, he argues that he is entitled to application of the 90-day deadline because he requested reopening as a form of relief and filed the motion within 90 days of the *Dimaya* decision.

The problem with this position is that, despite some offhand language in court opinions, the statute does not support it. Post-judgment motions to reopen and for reconsideration "are distinguished primarily by the fact that a motion for reconsideration does not present new evidence to the BIA." *Zhao*, 404 F.3d at 301. The statute differentiates these motions in terms of their requirements as well as the timing allowed. Motions to reconsider look back to the prior proceedings and must "specify [ ] errors of law or fact in the previous order." 8 U.S.C. § 1229a(c)(6)(C). But a motion to reopen states "the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). Not only that, but motions to reopen are disfavored. *I.N.S. v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724 (1992) (citing *I.N.S. v. Abudu*, 485 U.S. 94, 107–108, 108 S. Ct. 904, 913 (1988)). Consequently, the BIA's regulation denies reopening "unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."

8 C.F.R. § 1003.2(c)(1); *see also Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014).

Amicus Curiae, the American Immigration Council (AIC), makes an initial policy argument in support of Gonzalez Hernandez: the IJ and the BIA failed to consider the time needed by aliens to file motions to reconsider or reopen and the due diligence an attorney must undertake before filing such motions. AIC further contends that the BIA erred by finding that a change in the law (as in this case) could not constitute "new facts" justifying a motion to reopen and that subsequent legal developments could not be the basis of a motion to reopen. The BIA, however, concluded that "[a] motion to reopen must . . . 'state new facts that will be proven at a hearing to be held if the motion is granted," and the change in law underlying this petitioner's motion does not "constitute 'new facts' for purposes of an untimely motion to reopen."

To be sure, as the Amicus notes, the Supreme Court stated that a motion to reopen asks the BIA "to change its decision in light of newly discovered evidence or a change in circumstances since the hearing." *Dada v. Mukasey*, 554 U.S. 1, 12, 128 S. Ct. 2307, 2315 (internal quotations omitted); *see also Lugo-Resendez*, 831 F.3d at 339. Here, the BIA appears to read "change in circumstances" to comprise only a new fact or new evidence, rather than a change in law.

The tension, if any, between the BIA's decision and the Supreme Court's statement must be dispelled in favor of the BIA simply because the statute does not permit a contrary reading.[2] Statutes must be construed to

---

[2] In fact, there is no tension, as the opinion in *Dada* discusses motions to reopen solely in terms of newly offered evidentiary material, 554 U.S. at 14, 128 S. Ct. at 2315-16, and the precise issue before the Court was much different.

give meaning to their language as a whole.  A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012).  In this case, two provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009-546 (IIRIRA), are set next to each other and prescribe two different avenues to challenge BIA decisions antecedent to judicial review. *Singh v. Gonzalez,* 436 F.3d 484, 487-88 (5th Cir. 2006) (explaining the differences).  The first provision—motions to reconsider—tackles challenges to the "law" or "facts" that were before the BIA when it made its decision.   8 U.S.C. § 1229a(c)(6)(C).   The next provision—motions to reopen—allows reopening at a later date based on "new facts," supported by "affidavits" or "other evidentiary material."[3]  8 U.S.C. § 1229a(c)(7)(B). On its own terms, a motion to reopen depends on facts and emphasizes this constraint by also referencing traditional means of proving facts.  That the reconsideration provision references "law" as well as "facts" must mean that law and facts are different.  Of course, this interpretation reflects common sense in light of traditional legal usage.  And as has been noted, BIA regulations plainly reflect the (limited) requirement of new facts in support of motions to reopen.

Because the statute specifies that a motion to reopen must state "new facts," and Gonzalez Hernandez's motion arose from a change in law, the BIA's decision not to construe Gonzalez Hernandez's motion as a motion to reopen is not arbitrary and capricious, legally in error, or an abuse of discretion.[4]  To allow changes of law to be addressed in motions to reopen

---

[3] The Court's opinion in *Dada* traces the genesis of this statutory provision.  *See* 554 U.S. at 12-15, 128 S. Ct. at 2315-16.

[4] None of our prior cases address this issue head on.  While there are cases that refer to motions to reopen based on changes in law, each of those cases is ultimately decided on other grounds and does not directly comment on the propriety of such motions.  For example, *Lugo-Resendez v. Lynch* addresses whether equitable tolling applies to a motion to

would contravene the statute and collapse the difference between a motion to reconsider and a motion to reopen with respect to changes in law, making the 30-day time limit for motions to reconsider new legal decisions superfluous. The BIA did not err.

### III. The BIA's decision did not violate Gonzalez Hernandez's constitutional rights.

Finally, Gonzalez Hernandez argues that the BIA's denial of his motion violated his constitutional equal protection and due process rights. Although Gonzalez Hernandez failed to raise these arguments before the BIA, this court has jurisdiction to review substantial constitutional claims even if not raised previously. *Falek v. Gonzales*, 475 F.3d 285, 291 (5th Cir. 2007) ("[A] petitioner must exhaust before the BIA all claims that he raises in the federal courts, that is, unless they are constitutional."). That said, neither of Gonzalez Hernandez's constitutional claims is availing.

---

reopen. 831 F.3d at 343. While the motion to reopen in *Lugo-Resendez* was based on a change in law, the remand to the BIA concerned applying equitable tolling. *Id.* at 345. The court's failure to address the issue whether a motion could encompass a change in law claim does not serve as binding precedent that arguments based on changes in law can be brought as motions to reopen. Likewise, *Gonzales-Cantu v. Sessions* concerns equitable tolling and timeliness and does not reach the issue whether a motion to reopen is a permissible vehicle for a change in law argument. 866 F.3d at 304. Nor did the government in either case raise an argument about the distinction between a motion to reopen and a motion for reconsideration before this court. Further, even if the BIA in past unpublished opinions incorrectly allowed change of law arguments to advance in a motion to reopen, a few unpublished opinions would not constitute a settled course of adjudication from which deviation would constitute an abuse of discretion. *See generally Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1118–19 (9th Cir. 2019) (holding that a "relative handful of unpublished BIA decisions arriving at different conclusions does not establish a 'settled pattern of adjudication,'" and noting that this is "especially true with unpublished dispositions, as they generally include only brief descriptions, if any, of facts that may influence the exercise of discretion.")

First, as to equal protection, the government correctly points out that Gonzalez Hernandez does not allege any kind of purposeful discrimination on the part of the BIA. *See Cantu-Delgadillo v. Holder*, 584 F.3d 682, 688 (5th Cir. 2009) (noting that an equal protection violation may be found when "the BIA applie[s] . . . laws unequally or in an invidiously discriminatory manner"). His discussion of equal protection issues also fails to show that immigrants to whom the BIA granted relief were "similarly situated." *Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 507 (5th Cir. 2006). One of the cases he cites in this section for the proposition that the BIA "has reopened proceedings" based on *Dimaya* was based on a timely motion for *reconsideration. See In re Maria A. Gonzalez*, 2018 WL 4692814, at *1 (BIA Sept. 11, 2018) (unpublished)). In the other, the BIA reopened proceedings sua sponte. *See In re Jose Manuel Santibanez Orozco*, 2018 WL 5921084, at *1 (BIA Sept. 14, 2018) (unpublished)). To the extent that Gonzalez Hernandez argues the BIA should have granted relief sua sponte, regardless of the timing issue, this court is unable to review such a discretionary determination. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006) ("[T]he denial of discretionary relief does not rise to the level of a constitutional violation even if [the moving party] had been eligible for it." (citation omitted)).

Second, regarding his due process claim, Gonzalez Hernandez received the opportunity to brief and have the BIA rule on his motion for reconsideration. That he disagrees with the BIA's decision on the equitable tolling period does not mean he was denied due process—especially given that the 30-day deadline he challenges is compelled by statute. 8 U.S.C. § 1229a(c)(6)(B). Gonzalez Hernandez's further argument that "[t]he refusal to adjudicate [his] motion to reopen raises serious constitutional questions of due process," is mistaken because "there is no liberty interest at stake in a motion to reopen" and therefore petitioners "cannot establish a

due process violation"—"[t]he decision to grant or deny a motion to reopen is purely discretionary." *Altamirano-Lopez*, 435 F.3d at 550; *see also Cruz-Moyaho v. Holder*, 703 F.3d 991, 1000 (7th Cir. 2012) (explaining that the court could "make short work of any due process argument" because respondent lacked "a protected liberty interest in the discretionary relief of a motion to reconsider or a motion to reopen"). The BIA's decision therefore did not violate Gonzalez Hernandez's right to due process or equal protection.

For the foregoing reasons, the petition for review is DENIED.

No. 19-60274

Gʀᴇɢɢ Cᴏsᴛᴀ, *Circuit Judge*, dissenting:

The principle that courts must "[t]reat like cases alike" is "the central precept of justice." H.L.A. Hᴀʀᴛ, Tʜᴇ Cᴏɴᴄᴇᴘᴛ ᴏғ Lᴀᴡ 164 (3d ed. 2012) (quotation marks omitted); *see also* Aʀɪsᴛᴏᴛʟᴇ, Eᴛʜɪᴄᴀ Nɪᴄᴏᴍᴀᴄʜᴇᴀ V.3.1131a–1131b (W.D. Ross trans. 1925) ("[T]hings that are alike should be treated alike."). People in similar situations should be able to expect similar outcomes. That is not happening here.

Five years ago, Sergio Lugo-Resendez, a Mexican citizen, petitioned our court to review a BIA decision that denied as untimely his motion to reopen based on a change in the law. *Lugo-Resendez v. Lynch*, 831 F.3d 337 (5th Cir. 2016). Like this petitioner, Lugo-Resendez asserted that a later-in-time Supreme Court decision—*Lopez v. Gonzales*, 549 U.S. 47 (2006)—constituted a "change in circumstances" that invalidated his removal. *Lugo-Resendez*, 831 F.3d at 339 (quoting *Dada v. Mukasey*, 554 U.S. 1, 12 (2008)). Our court remanded to allow the BIA to consider his motion. *Id.* at 344. And the BIA reopened the removal proceedings. *In re Sergio Lugo-Resendez*, 2017 WL 8787197, at *3 (BIA Dec. 28, 2017) (unpublished) (granting the motion to reopen filed within 90 days from when "[Lugo-Resendez] first learned that the law affecting his case had changed"). That petitioner thus had his claim based on a change in law heard.

So did the petitioners in *Garcia-Carias v. Holder*, 697 F.3d 257, 260 (5th Cir. 2012), *Villegas v. Sessions*, 693 F. App'x 352, 353 (5th Cir. 2017) (per curiam) (unpublished), and *Barajas-Flores v. Sessions*, 702 F. App'x 193, 193 (5th Cir. 2017) (per curiam) (unpublished), all of whom sought reopening in light of new caselaw. *See also Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 (5th Cir. 2017) (indicating that a petitioner who "discover[s]" a later-in-time case that would invalidate removal can file a motion to reopen and remanding for consideration of such a motion).

The BIA has also repeatedly allowed immigrants to bring motions to reopen based on a "change in law." *See, e.g.*, *In re J. Marcos Cisneros-Ramirez*, 2016 WL 6137092, at *1 (BIA Aug. 9, 2016) (unpublished) (granting a motion to reopen based on "intervening changes in the law"); *In re Hendry Sanusi*, 2015 Immig. Rptr. LEXIS 28750 (BIA May 7, 2015) (unpublished) (same); *In re Jose Jesus Zuniga Jaime*, 2014 Immig. Rptr. LEXIS 6151 (BIA Jan. 4, 2014) (unpublished) (same); *In re Mario Ruidupret*, 2007 Immig. Rptr. LEXIS 4300 (BIA May 10, 2007) (per curiam) (unpublished) (same); *In re Cesar Guerra Muniz*, 2007 Immig. Rptr. LEXIS 10829 (BIA Feb. 1, 2007) (per curiam) (unpublished) (same). It has even granted motions to reopen based on *Dimaya*. *In re Miguel Aguilar Elias*, 2019 WL 3857790, at *2 (BIA May 15, 2019) (unpublished). Hitting closest to home, the BIA allowed Gonzalez Herndanez's brother, Daniel, to bring a motion to reopen based on a "change in Law"—and granted it. *In re Santos Daniel Gonzalez Hernandez*, 2018 WL 4692813, at *2 (BIA Sept. 11, 2018) (unpublished).

Indeed, in the past few years, the BIA has advised petitioners that motions to reopen, rather than motions to reconsider, are the proper vehicle to mount a change-in-law challenge to removal. *In re Hiren Jagdish Patel*, 2019 Immig. Rptr. LEXIS 191, at *1–2 (BIA Jan. 30, 2019) (unpublished) (holding that motion for reconsideration based on a change in law was "more accurately characterized as one seeking reopening"); *In re Churchill Leonard Spencer Andrews*, A036 706 672 (BIA Oct. 25, 2017) (unpublished) (same), *cited in Andrews v. Barr*, 799 F. App'x 26, 27 (2d Cir. 2020) (unpublished); *see also In re Kolawole Monday Onenese*, 2018 Immig. Rptr. LEXIS 9463 (BIA Sept. 24, 2018) (unpublished) (holding that motion to remand based on a change in law was "more accurately characterized as one seeking reopening").

Contrary to these recent instructions from the BIA, the majority holds that motions to reopen are limited to motions based on new evidence. If we

were writing on a blank slate, perhaps the majority's view would be the better one. But it is hardly the obvious one. The Supreme Court, our court, and the BIA have all treated the reopening statute as going beyond motions relying on new evidence. The Supreme Court has said that "[a] motion to reopen is a form of procedural relief that 'asks the Board to change its decision in light of newly discovered evidence *or* a change in circumstances since the hearing.'" *Dada*, 554 U.S. at 12 (quoting 1 Charles Gordon, Stanley Mailman & Stephen Yale-Loehr, Immigration Law and Procedure § 3.05[8][c] (rev. ed. 2007) (emphasis added)). The majority restricts its view of the reopening statute to the former situation. It ignores the "change in circumstances" aspect of the reopening procedure, which we have already applied to changes in law. *See Lugo-Resendez*, 831 F.3d at 339. In coming up with its own interpretation, the majority erases what has come before. Apparently the *Lugo-Resendez* panel took up nine pages in the Federal Reporter to allow the petitioner to pursue a motion to reopen that we are now told the statute forbids.

The need for consistency animates bedrock jurisprudential principles like *stare decisis*. When it comes to agency actions, consistency is a statutory command. Agency action is unlawful when it is arbitrary or capricious. 5 U.S.C. § 706(2)(A). What is more arbitrary than treating people in the same situation differently? *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) ("Unexplained inconsistency is . . . a reason for holding an [agency action] to be [] arbitrary and capricious . . . ."). An agency like the BIA "cannot merely flit serendipitously from case to case, like a bee buzzing from flower to flower, making up the rules as it goes along." *Noranda Alumina, L.L.C. v. Perez*, 841 F.3d 661, 665 (5th Cir. 2016) (quoting *Henry v. I.N.S.*, 74 F.3d 1, 6 (1st Cir. 1996)). It must apply the same standards to all similarly situated people. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. U.S. Dep't of Health & Hum. Servs.*, 985 F.3d 472, 479–80 (5th Cir. 2021);

*accord Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 95 (2d Cir. 2001) ("[A]pplication of agency standards in a plainly inconsistent manner across similar situations evinces such a lack of rationality as to be arbitrary and capricious."). When an agency inexplicably fails to do so, it acts arbitrarily and capriciously.

The BIA cannot evade arbitrary and capricious review by cloaking its inconsistent actions in a "nonprecedential" label. The APA does not limit its prohibition on arbitrary agency action to published decisions. 5 U.S.C. § 706(2)(A). "[P]recedential" or not, "by reaching an exactly contrary decision on a materially indistinguishable set of facts, the Board act[s] arbitrarily." *Shardar v. Att'y Gen. of U.S.*, 503 F.3d 308, 315 (3d Cir. 2007); Ira J. Kurzban, Kurzban's Immigration Law Sourcebook 1760 (15th ed. 2016) (collecting cases); *see Andrews*, 799 F. App'x at 28 (vacating BIA's denial of reopening because the Board granted a motion to reopen containing an identical change-in-law argument just days after it denied petitioner's). There is "no earthly reason why the mere fact of nonpublication should permit an agency to take a view of the law in one case that is flatly contrary to the view it set out in earlier (yet contemporary) cases, without explaining why it is doing so." *Davila-Bardales v. I.N.S.*, 27 F.3d 1, 5–6 (1st Cir. 1994).

Under our caselaw and that of the BIA, Gonzalez Hernandez should have his claim heard. Just like Lugo-Resendez's claim was heard. Just like his own brother's claim was heard.