# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2022

Lyle W. Cayce
Clerk

No. 20-60641
Summary Calendar

Jaimy Arely Santos-Lopez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 985 987

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Jaimy Arely Santos-Lopez is a native and citizen of El Salvador. She petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the Immigration Judge's (IJ) denial

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60641

of her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA's decision. *Vazquez-Guerra v. Garland*, 7 F.4th 265, 268 (5th Cir. 2021), *petition for cert. filed* (U.S. Oct. 27, 2021) (No. 21-632). We review questions of law de novo and factual findings for substantial evidence. *Id.* Under the substantial evidence standard, "[t]he [petitioner] has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Santos-Lopez argues that the BIA erred in affirming the IJ's determination that she is not entitled to asylum and withholding of removal based upon her persecution by the MS-13 gang for being a member of a particular social group consisting of family members of Jose Gilberto Plaron, who was a Salvadoran police officer. We need not resolve the question of whether the proposed particular social group is cognizable because the evidence does not compel a finding that there was a requisite nexus between the harm she suffered or feared and membership in that group. *See Vazquez-Guerra*, 7 F.4th at 268-69, 270-71. Although she testified that she was targeted because Plaron, her uncle, was a police officer, she also testified that the gang began to threaten her uncle and his family after a gang leader was shot and killed during a confrontation between the gang and the Salvadorian police. We have held that conduct driven by purely personal or criminal motives do not constitute persecution on account of a protected ground. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002). Without the required nexus, Santos-Lopez's asylum claim fails.[1] *See Shaikh v. Holder*, 588

---

[1] The IJ's findings relating to past persecution, a well-founded fear of future persecution, and the government's ability and willingness to protect Santos-Lopez, are not

No. 20-60641

F.3d 861, 864 (5th Cir. 2009). Further, because she did not establish entitlement to asylum, she cannot meet the standard for withholding of removal. *See Vazquez-Guerra*, 7 F.4th at 271; *Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

To the extent argument is offered about *Matter of A-C-A-A-*, 28 I. & N. Dec. 84 (Att'y Gen. 2020), we lack jurisdiction to consider it because this argument was not made before the BIA and is unexhausted. *See Gonzalez Hernandez v. Garland*, 9 F.4th 278, 284-86 (5th Cir. 2021).

Santos-Lopez also asserts that the BIA erred in affirming the IJ's finding that she is not entitled to CAT protection. The record does not establish that it is more likely than not that she would be tortured if removed to El Salvador and that any Salvadoran public official knows who she is or would be willing to acquiesce in her torture. *See* 8 C.F.R. § 1208.16(c)(2); 8 C.F.R. § 1208.18(a)(1); *see also Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006). Therefore, the record evidence does not compel the conclusion that Santos-Lopez is eligible for CAT protection. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Accordingly, the petition for review is DENIED IN PART AND DISMISSED IN PART.

---

before this court. *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010) (explaining that this court "may usually only affirm the BIA on the basis of its stated rationale for ordering an alien removed from the United States").