# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2022

Lyle W. Cayce
Clerk

No. 21-60943
Summary Calendar

Yadira Sifuentes-Rosales,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. 205 665 346

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Yadira Sifuentes-Rosales, a native and citizen of Mexico, petitions for review of the denial by the Board of Immigration Appeals (BIA) of her postjudgment motion to reopen or reconsider its dismissal of her appeal from her removal order. As Sifuentes-Rosales largely concedes, her challenge to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60943

the agency's jurisdiction based on her allegedly defective Notice to Appear, as well as her argument based on the Administrative Procedure Act, are both foreclosed. *See Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021); *Ardestani v. INS*, 502 U.S. 129, 133-34 (1991).

With respect to her challenge to the denial of her motion for reconsideration, Sifuentes-Rosales has failed to show that the BIA abused its discretion by acting capriciously or irrationally. *See Gonzalez Hernandez v. Garland*, 9 F.4th 278, 283 (5th Cir. 2021), *petition for cert. filed* (U.S. Mar. 31, 2022) (No. 21-1323). Sifuentes-Rosales's motion failed to specify any error of law or fact that had not previously been raised, as her motion to reconsider was essentially the same as her appeal brief before the BIA. *See Gonzalez Hernandez*, 9 F.4th at 285 (citing 8 U.S.C. § 1229a(c)(6)(C)); *see also Matter of O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006). Furthermore, there is no merit to her complaint that the BIA's decision failed to offer sufficient analysis, as the order reflects meaningful consideration of her motion for reconsideration. *See Abdel Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996).

Finally, Sifuentes-Rosales has failed to show that the BIA abused its discretion by failing to consider her motion as also seeking reopening. *See Gonzalez Hernandez*, 9 F.4th at 283, 286; *see also Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005) (construing a motion based on its nature, not the label attached). Essentially, a motion to reopen "asks the BIA to change its decision in light of newly discovered evidence or a change in circumstances since the hearing." *Gonzalez Hernandez*, 9 F.4th at 285 (internal quotation marks and citation omitted); *see* § 1229a(c)(7)(B). Sifuentes-Rosales's postjudgment motion, however, failed to assert any new facts or submit new evidence.

In light of the foregoing, the petition for review is DENIED.