# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60256
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2023

Lyle W. Cayce
Clerk

Alejandro Escobedo-Molina,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A092 085 989

---

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Alejandro Escobedo-Molina, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's (BIA) decision denying his motion to reopen or reconsider removal proceedings. We review the BIA's legal conclusions de novo and, where the agency has applied the correct law, we review the denial of reconsideration or reopening under a highly

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60256

deferential abuse-of-discretion standard. *Gonzalez Hernandez v. Garland*, 9 F.4th 278, 283 (5th Cir. 2021), *cert. denied*, No. 21-1323, 2022 WL 4651375 (U.S. Oct. 3, 2022).

On appeal, Escobedo-Molina argues that, in violation of his due process rights and in an abuse of the agency's discretion, the BIA ignored his specific statements of "when and how" he learned of his potential claims for purposes of equitable tolling of the limitations period for reopening or reconsideration, and the fact that his claims relied on not just *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001), but also on *Garcia-Carias v. Holder*, 697 F.3d 257 (5th Cir. 2012), and *Lugo-Resendez v. Lynch*, 831 F.3d 337 (5th Cir. 2016). To be entitled to equitable tolling, Escobedo-Molina had to show that: "(1) he has been pursuing his rights diligently and (2) some extraordinary circumstance has stood in his way and prevented timely filing." *Gonzalez Hernandez*, 9 F.4th at 284. Given the BIA's reasoned and specific analysis of the record evidence and the timeline relating to the three cases on which Escobedo-Molina relied, Escobedo-Molina's continued vague representations as to when he learned of his claims and took action on that knowledge are insufficient to show that the agency decision was completely unfounded in the evidence or its denial of equitable tolling otherwise so irrational as to be arbitrary. *See Masin-Ventura v. Garland*, 41 F.4th 482, 484 (5th Cir. 2022); *Gonzalez Hernandez*, 9 F.4th at 284; *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 & n.4 (5th Cir. 2017).

The petition for review is DENIED.