# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 20-61142
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2024

Lyle W. Cayce
Clerk

Andy Bryan Rodriguez Arias,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 470 030

———————————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Petitioner-Appellant Andy Bryan Rodriguez Arias, a native and citizen of Nicaragua, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reconsider. We review this denial "under a highly deferential abuse-of-discretion standard," pursuant to which the denial will stand "unless it is capricious, racially invidious,

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gonzalez Hernandez v. Garland*, 9 F.4th 278, 283 (5th Cir. 2021) (internal quotation marks and citation omitted). Rodriguez Arias has not met this burden.

The BIA determined, *inter alia*, that Rodriguez Arias's motion for reconsideration was untimely. *See* 8 U.S.C. § 1229a(c)(6)(B). Rodriguez Arias does not dispute that he missed the 30-day deadline for filing his motion for reconsideration but instead argues for the first time that he merited equitable tolling because he diligently pursued his rights by retaining counsel and because the COVID-19 pandemic presented extraordinary circumstances. Though Rodriguez Arias raised an equitable tolling argument in a conclusory manner in his motion, he did not identify these facts, nor any others, in support of that argument. The government contends that his tolling argument should not be considered because it was not presented to the BIA and thus is not exhausted.

The exhaustion requirement is a non-jurisdictional claim-processing rule, and neither this court nor the Supreme Court has decided whether it is mandatory. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 419, 421 (2023); *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 694 (5th Cir. 2023). Nonetheless, we have repeatedly declined to consider the merits of unexhausted claims when exhaustion was raised by the respondent. *See Munoz-De Zelaya*, 80 F.4th at 694 (citing cases); *Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023). We take the same course of action here and decline to consider Rodriguez Arias's unexhausted equitable tolling argument. *See id.*

Without equitable tolling, Rodriguez Arias cannot show error in the BIA's determination that his motion for reconsideration was untimely, nor that the BIA abused its discretion by denying the motion for reconsideration.

No. 20-61142

Because the timeliness determination was a sufficient basis on which to deny the motion, we need not consider Rodriguez Arias's alternate arguments concerning its merits *vel non*. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). The petition for review is DENIED.