# United States Court of Appeals for the Fifth Circuit

No. 23-60604
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2024

Lyle W. Cayce
Clerk

Jackson Peter Chiwanga,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A095 555 938

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Proceeding pro se, Jackson Peter Chiwanga, a native and citizen of Tanzania, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motion seeking reconsideration of a decision dismissing his appeal from an order of an Immigration Judge (IJ) ordering him removed because his prior Oklahoma conviction for domestic battery by

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

strangulation qualified as an aggravated felony crime of violence. To succeed on a motion for reconsideration, one must show "a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Quorane v. Barr*, 919 F.3d 904, 912-13 (5th Cir. 2019) (internal quotation marks and citation omitted). We review the denial of such a motion under a "highly deferential abuse-of-discretion standard" that is met only when a decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gonzalez Hernandez v. Garland*, 9 F.4th 278, 283 (5th Cir. 2021) (internal quotation marks and citation omitted). Chiwanga has not met this standard.

His challenge to the BIA's rejection of his ineffective assistance of counsel claim fails because he identifies no error in connection with the agency's conclusion that he failed to comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Hernandez-Ortez v. Holder*, 741 F.3d 644, 647 (5th Cir. 2014). He likewise shows no error in the BIA's determination that it need not consider his challenge to the classification of his prior conviction. He failed to challenge this alleged error in his direct appeal. He has thus abandoned any challenge he may have had to the IJ's determination that counsel conceded that the conviction was an aggravated felony. Because Chiwanga shows no abuse of discretion in connection with the denial of his motion to reconsider, his petition for review is DENIED. *See Quorane*, 919 F.3d at 912-13; *Gonzalez Hernandez*, 9 F.4th at 283.