# United States Court of Appeals for the Fifth Circuit

---

No. 24-60493
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2025

Lyle W. Cayce
Clerk

CHUKWUNOSO NNAMDI EBEDE,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 352 018

---

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Chukwunoso Nnamdi Ebede, a native and citizen of the United Kingdom, was ordered removed in absentia when he failed to appear at his hearing before the immigration judge (IJ) on July 20, 2016. He petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his June 2021 motion for reopening and reconsideration. Relying on *Niz-*

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

*Chavez v. Garland*, 593 U.S. 155 (2021), his motion challenged the validity of the in absentia removal order and sought reopening to allow Ebede to pursue cancellation of removal and adjustment of status.

We review the BIA's denial of Ebede's motion under "a highly deferential abuse-of-discretion standard" and will uphold the decision so long as it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted). Although Ebede's motion raised a jurisdictional claim based on the omission of a hearing date and time in his notice to appear (NTA), he now correctly recognizes that his NTA did not present a jurisdictional defect. *See Garcia v. Garland*, 28 F.4th 644, 646-48 (5th Cir. 2022).

Notice of the July 20, 2016 hearing date was mailed to Ebede's address in May 2016, via a hearing notice pursuant to 8 U.S.C. § 1229(a)(2). The BIA previously affirmed the IJ's determination, made in connection with the denial of Ebede's earlier motion to reopen, that Ebede failed to rebut the presumption of delivery of the May 2016 hearing notice. Ebede's petition for review from the BIA's earlier decision was dismissed by this court in 2018.

He has not shown that the BIA abused its discretion in this case by relying on the agency's earlier determination on the delivery of the May 2016 hearing notice, even assuming that his argument on the issue is exhausted for purposes of § 8 U.S.C. § 1252(d)(1). Further, because he was deemed to have received the May 2016 hearing notice, his challenge to the validity of the in absentia removal order on the ground that his NTA violated a claim-processing rule is unavailing. *See Campos-Chaves v. Garland*, 602 U.S. 447, 450-51, 456-62 (2024).

No. 24-60493

Ebede also challenges the BIA's denial of equitable tolling. He does not brief, and therefore has waived, any argument challenging the BIA's determination that *Niz-Chavez* did not affect his eligibility for cancellation of removal or adjustment of status. *See Gonzalez Hernandez v. Garland*, 9 F.4th 278, 281 n.1 (5th Cir. 2021). He instead argues that equitable tolling was warranted because *Niz-Chavez* established that his NTA's omission of the hearing date and time violated § 1229(a)(1). As discussed above, Ebede's NTA did not invalidate his in absentia removal order, given that he was deemed to have received the May 2016 notice of his rescheduled hearing date. *See Campos-Chaves*, 602 U.S. at 450-51, 456-62. His reliance on *Niz-Chavez* is inapposite, and he has not shown that the BIA abused its discretion in denying equitable tolling. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016).

Accordingly, the petition for review is DENIED.