# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2026

Lyle W. Cayce
Clerk

———————

No. 25-60594
Summary Calendar

———————

MEYBELL ELIZABETH PEREZ-DE MADRID; JENNIFER ELIZABETH
MADRID-PEREZ; KEVIN EDGARDO MADRID-PEREZ,

*Petitioners*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A212 909 454,
A212 909 455, A212 909 456

———————————————————————

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Meybell Elizabeth Perez-De Madrid, a native and citizen of El Salvador, petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying her motion for reconsideration. Motions to reconsider are "particularly disfavored." *Nguhlefeh Njilefac v.*

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60594

*Garland*, 992 F.3d 362, 365 n.3 (5th Cir. 2021). Accordingly, the BIA's denial of such a motion is reviewed under a "highly deferential abuse-of-discretion standard." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 226 (5th Cir. 2019). Pursuant to this standard, the BIA's denial of a motion for reconsideration will stand "unless it is capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gonzalez Hernandez v. Garland*, 9 F.4th 278, 283 (5th Cir. 2021) (internal quotation marks and citation omitted). Perez-De Madrid has not made the requisite showing.[1]

The BIA's determination that her request for reconsideration was little more than a disagreement with its earlier decision is neither arbitrary nor capricious nor an abuse of discretion. *See Gonzalez Hernandez*, 9 F.4th at 283; *Gonzales-Veliz*, 938 F.3d at 226. Insofar as she raises arguments challenging the BIA's original decision dismissing her appeal from the Immigration Judge's decision, these arguments are not before us due to her failure to file a separate petition for review of this decision, and we decline to consider them. *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1027 (5th Cir. 2016).

Finally, her argument that due process rights were infringed in connection with the denial of her motion for reconsideration because her country conditions evidence was ignored fails because aliens have no due process rights with respect to discretionary relief, *Ramos-Portillo v. Barr*, 919 F.3d 955, 963 (5th Cir. 2019), and reconsideration is discretionary, *Santos-*

---

[1] The other petitioners are Perez-De Madrid's minor children, who are riders on her asylum application.

No. 25-60594

*Zacaria v. Garland*, 598 U.S. 411, 425 (2023).  The petition for review is
DENIED.