# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2022

Lyle W. Cayce
Clerk

No. 21-60765

Foyagem Atehnkeng Brain,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
A203 600 816

Before Jones, Smith, and Graves, *Circuit Judges.*

Per Curiam:*

Foyagem Atehnkeng Brain ("Foyagem"), a native and citizen of Cameroon, timely petitions us for review of the Board of Immigration Appeals' denial of his motion for reconsideration. Foyagem argues that the Board and the Immigration Judge assigned to his case abused their discretion by applying the wrong standard when considering his eligibility for asylum.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60765

Further, he argues that this improper application violated his right to due process.

This court reviews the denial of a motion to reconsider under an abuse-of-discretion standard. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 226 (5th Cir. 2019). A motion to reconsider must "'specify the errors of law or fact in the previous order and . . . be supported by pertinent authority.'" *Gonzalez Hernandez v. Garland*, 9 F.4th 278, 283 (5th Cir. 2021) (quoting 8 U.S.C. § 1229a(c)(6)(C)), *cert. denied*, 143 S. Ct. 86 (2022). The Board's decision will stand unless it was "capricious, racially invidious [or] utterly without foundation in the evidence." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (quoting *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993)).

Upon review, we find no abuse of discretion. The Board does not abuse its discretion in denying a motion to reconsider when the petitioner repeats arguments the Board has already rejected. *Clavel-Avelar v. Garland*, 858 F. App'x 795, 796 (5th Cir. 2021). Further, we do not find that Foyagem has identified a misapplication in law. The Board correctly held that arguments regarding the Immigration Judge's opinion are not properly presented in a motion to reconsider. *See Chambers v. Mukasey*, 520 F.3d 445, 448 (5th Cir. 2008); *Matter of O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006).

Finally, we lack jurisdiction to consider the due process argument because it was not raised before the Board during the initial appeal or the motion for reconsideration and is accordingly unexhausted. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

For the foregoing reasons, the petition for review is DENIED IN PART, DISMISSED IN PART.