# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 16-60049

———————

NORANDA ALUMINA, L.L.C.,

Petitioner,

v.

THOMAS E. PEREZ, SECRETARY, DEPARTMENT OF LABOR; FEDERAL MINE SAFETY & HEALTH REVIEW COMMISSION,

Respondents.

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2016

Lyle W. Cayce
Clerk

———————

On Petition for Review of an Order of the
Federal Mine Safety & Health Review Commission

———————

Before CLEMENT, PRADO, and OWEN, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

This is a petition for review of an order of the Federal Mine Safety & Health Review Commission ("FMSHRC" or "the Commission") denying a motion to reopen. Because the Commission applied its precedents arbitrarily in denying this motion to reopen, we GRANT the petition for review and REMAND for further proceedings.

## I. BACKGROUND

Noranda Alumina, LLC ("Noranda") operates an alumina refinery near Gramercy, Louisiana. In March or April 2014, a contractor detected mercury in one part of the Gramercy facility. That same month the Mine Safety and

No. 16-60049

Health Administration ("MSHA") inspected the facility and issued two citations to Noranda for failing to test for mercury. *See* 30 C.F.R. §§ 47.21, 56.5002. Noranda requested a "safety and health conference" with MSHA pursuant to 30 C.F.R. § 100.6. This conference was held on June 12, 2014, but Noranda failed to persuade MSHA to withdraw its citations.

In July 2014, MSHA assessed penalties in the amount of $38,573 for the citations. Notice of this assessment arrived at Noranda's Gramercy facility on July 18, 2014. On that same day, the facility's Environmental Health and Safety Manager, Louis DeRose, unexpectedly quit. DeRose had been responsible for dealing with MSHA. In DeRose's absence, the assessment came to the attention of Environmental Manager Bud Preston, who was generally unfamiliar with MSHA and the citations at issue. Preston brought the assessment to then-Plant Manager Dave Hamling. Believing it was a bill, Preston asked Hamling whether Noranda should pay it. Hamling apparently assumed that counsel had reviewed the citations and had advised paying the assessment. Hamling therefore approved the payment on July 23, 2014. In August 2014, Hamling also left the company.

On September 23, 2014, Noranda's upper management and counsel realized that the assessment had been paid. Noranda apparently had intended to contest the citations rather than pay the assessment. By this time, the thirty-day deadline to contest MSHA penalty assessments had passed. *See* 30 U.S.C. § 815(a) ("[T]he operator has 30 days within which to notify the Secretary [of Labor] that he wishes to contest the citation or proposed assessment of penalty."). The citation and penalty had therefore become "a final order of the Commission." *Id.*

Noranda filed a motion to reopen on October 31, 2014, seeking to adjudicate the citation dand penalty on the merits. Noranda claimed that it had intended to contest the citations and that its prior payment was mistakenly

approved. The Secretary of Labor made two arguments in opposition to Noranda's motion to reopen. First, the Secretary argued that Noranda failed to "provide an explanation that constitutes adequate or good cause for its failure" to timely contest the assessment. In connection with this argument, the Secretary stated: "The Commission and the Courts have repeatedly held that the fact that a party had inadequate or unreliable internal procedures does not constitute an adequate excuse under Rule 60(b)(1)." Second, the Secretary argued, Noranda did "not identify facts that, if proven on reopening, would constitute a meritorious defense."

On December 18, 2015, the Commission denied Noranda's motion. Because failure to timely contest an assessment after the departure of an employee constituted "an inadequate or unreliable internal processing system," the Commission held that Noranda "ha[d] not established grounds for reopening the assessment." This petition for review followed.

## II. JURISDICTION AND STANDARD OF REVIEW

A party aggrieved by an order of the Commission may seek review in either the Court of Appeals for the District of Columbia or the "court of appeals for the circuit in which the [safety] violation is alleged to have occurred." 30 U.S.C. § 816(a)(1); *see also Pendley v. Fed. Mine Safety & Health Review Comm'n*, 601 F.3d 417, 422 (6th Cir. 2010). That court then has "exclusive jurisdiction" over the case. 30 U.S.C. § 816(a)(1). Because Noranda's alleged violations occurred in Louisiana, this Court has jurisdiction.

Abuse of discretion is the appropriate standard of review in this case. Courts review FMSHRC orders under the "Mine [Safety & Health] Act and general administrative law principles." *Pendley*, 601 F.3d at 422. The Administrative Procedure Act does not generally apply. 30 U.S.C. § 956; *see also Pendley*, 601 F.3d at 422. In both judicial and administrative contexts, courts review denials of motions to reopen for abuse of discretion. *See Diaz v.*

No. 16-60049

*Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (reviewing denial of Rule 60(b) motion for abuse of discretion); *Lone Mountain Processing, Inc. v. Sec'y of Labor*, 709 F.3d 1161, 1163 (D.C. Cir. 2013) (reviewing FMSHRC denial of motion to reopen for abuse of discretion).

Our review of motions to reopen in the immigration context is instructive. There we apply "a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). We will affirm the decision of the Board of Immigration Appeals ("BIA") "as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We have made clear, however, that "[t]he BIA may not apply its precedents arbitrarily." *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 954 (5th Cir. 2012). If an agency does "depart from its settled policies," it must "offer[] a reasoned explanation" for such departure. *Wellington v. INS*, 108 F.3d 631, 637 (5th Cir. 1997) (citing *INS v. Yang*, 519 U.S. 26, 32 (1996)). As the First Circuit has held, "administrative agencies must apply the same basic rules to all similarly situated supplicants. An agency cannot merely flit serendipitously from case to case, like a bee buzzing from flower to flower, making up the rules as it goes along." *Henry v. INS*, 74 F.3d 1, 6 (1st Cir. 1996).

## III. DISCUSSION

The Commission denied Noranda's motion to reopen because its failure to timely contest the penalty "result[ed] from an inadequate or unreliable internal processing system." As explained below, the Commission has not applied its "internal processing system" rule consistently. Thus, we find that the Commission abused its discretion by arbitrarily denying Noranda's motion to reopen.

4

## A.     The Mine Safety & Health Act

We begin by discussing the relevant agency structures and procedures. The Federal Mine Safety & Health Act of 1977 ("Mine Act"), 30 U.S.C. § 801 *et seq.*, distributes policymaking and adjudicatory functions to two separate agencies. Under this framework, "MSHA plays the roles of police and prosecutor, and the [FMSHRC] plays the role of judge." *Lone Mountain*, 709 F.3d at 1162. MSHA, under the aegis of the Department of Labor, regulates mine safety standards, inspects mining operations, and issues citations and penalties for regulatory violations. 29 U.S.C. § 557a; 30 U.S.C. §§ 813–14. FMSHRC administrative law judges ("ALJs") are responsible for trial-level review of MSHA citations and penalties, *see* 29 C.F.R. § 2700.50–.69, while the Commission itself primarily conducts appellate review of ALJ orders, *see* 29 C.F.R. § 2700.70–.79. The Commission has authority to prescribe its own rules of procedure. 30 U.S.C. § 823(d)(2). Except where otherwise specified in the Mine Act, agency regulations, or APA, the Commission has chosen to "be guided so far as practicable by the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure." 29 C.F.R. § 2700.1(b).

MSHA may cite mine operators for violations of the Mine Act and applicable safety regulations. 30 U.S.C. § 814(a). By statute, a cited mine operator has thirty days to notify the Secretary that the operator "wishes to contest the citation." 30 U.S.C. § 815(a). Once the citation is issued, MSHA proposes a penalty assessment. 30 C.F.R. § 100.3. The operator then has thirty days to challenge this proposed penalty. 30 C.F.R. § 100.7(b)(2). An operator may challenge a penalty assessment without challenging the underlying citation. 29 C.F.R. § 2700.21(b). In fact, MSHA and the Commission discourage challenges to citations as "a needless use of . . . resources" unless an early hearing is warranted. *Marfork Coal Co.*, 28 FMSHRC 842, 843 (2006) (quoting Secretary of Labor's brief).

No. 16-60049

Failure to challenge the penalty assessment within thirty days of receipt renders the citation and penalty "a final order of the Commission and not subject to review by any court or agency." 30 U.S.C. § 815(a). Drawing on Federal Rule of Procedure 60(b), however, the Commission permits mine operators to move to reopen final orders. *Jim Walter Res., Inc.*, 15 FMSHRC 782, 789 (1993) ("[W]e hold that a final order of the Commission may be reopened by the Commission in appropriate circumstances pursuant to Rule 60(b)."). As the D.C. Circuit explained in *Lone Mountain*:

> Over the years, mine operators have failed to respond to MSHA citations and proposed penalty assessments within the thirty-day windows prescribed by 30 U.S.C. § 815(a) and subsequently have sought the Commission's lenience by filing motions to reopen. In turn, the Commission has developed a body of precedent regarding how to treat such motions based on the facts in each case.

709 F.3d at 1163. Recognizing that "default is a harsh remedy," the Commission reopens final orders where "the defaulting party can make a showing of adequate or good cause." *Martin Marietta Aggregates*, 22 FMSHRC 1178, 1179 (2000). "In accordance with Rule 60(b)(1)," the Commission may reopen a case "on the basis of inadvertence, mistake, or excusable neglect" by the defaulting party. *Id.* The case may proceed on the merits before an ALJ upon reopening. *See Lee Mech. Contractors, Inc.*, 38 FMSHRC 44, 45 (2016).

**B.    The Commission's Abuse of Discretion**

Noranda primarily argues that the Commission abused its discretion by ignoring its own precedent. This precedent, according to Noranda, requires reopening a final order when an operator demonstrates its intent to contest the order. In addition, Noranda argues that it did have an effective internal processing system, contrary to the Commission's finding. Noranda also points to cases where the Commission granted a motion to reopen despite an inadequate internal processing system. In response, the Secretary of Labor

distinguishes factually similar cases cited by Noranda and offers additional justifications for the Commission's decision. Both parties also discuss whether Rule 60(b) requires reopening.

As an initial matter, this Court may only review reasoning articulated by the agency at the time of its decision. *See, e.g.*, *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962) ("[C]ourts may not accept appellate counsel's *post hoc* rationalizations for agency action . . . ."). There may be factors that support a denial of Noranda's motion to reopen, such as the Secretary's opposition to the motion, and Noranda's delay in filing its motion. But these post hoc rationalizations cannot retroactively justify the agency's decision. Furthermore, we will not review the Commission's decision against our own Rule 60(b) jurisprudence. Because the Commission is "guided" by the Federal Rules of Civil Procedure only "so far as practicable," 29 C.F.R. § 2700.1(b), we will defer to the agency's own jurisprudence on procedural matters.[1]

In *Lone Mountain*, the D.C. Circuit addressed an FMSHRC denial of a motion to reopen on one of the grounds advocated by Noranda—that the Commission abused its discretion by ignoring its own precedent without explanation. 709 F.3d at 1163. There too, the Commission denied an operator's motion to reopen in part because the operator's "failure to contest a proposed assessment result[ed] from an inadequate or unreliable internal processing system." *Lone Mountain Processing, Inc.*, 33 FMSHRC 2373, 2375 (2011). Lone Mountain had timely contested the underlying citation, but not the penalty assessment. *Lone Mountain*, 709 F.3d at 1163. Yet in previous cases, Lone

---

[1] Notably, the Commission has not promulgated any regulations concerning motions to reopen, although it has provided nonbinding guidance on its website. *See* Fed. Mine Safety & Health Review Comm'n, Requests to Reopen, http://www.fmshrc.gov/content/requests-reopen.

Mountain argued, the Commission "repeatedly stated that the timely challenge to a citation gives a 'clear' indication" of intent to contest the penalty. *Id.* (quoting *Oldcastle Stone Prods.*, 31 FMSHRC 1103, 1104 (2009)). In remanding for reconsideration, the court reasoned that the Commission failed either to distinguish Lone Mountain's case from prior decisions or to explain why departure from precedent was necessary. *Id.* at 1164. Had the Commission considered its prior orders, "it would have explained why they do not apply in Lone Mountain's case. But despite their obvious relevance, the Commission failed even to mention or discuss, let alone distinguish, those orders." *Id.* Thus, the court found the Commission's order arbitrary and capricious. *Id.*

Like Lone Mountain, Noranda pointed the Commission to factually similar cases in which the Commission reopened a final order. In *Kaiser Cement Corp.*, 23 FMSHRC 374 (2001), for example, the Commission granted a motion to reopen even though the operator's failure to timely contest the penalty was due to "internal mismanagement." *Id.* at 375. The operator in *Kaiser Cement* experienced a "miscommunication during a transition period" when the employee responsible for handling MSHA citations left the company. *Id.* An employee unfamiliar with MSHA's contest procedures inadvertently paid the penalty even though the operator had already filed a notice of contest. *Id.* Likewise, in *Doe Run Co.*, 21 FMSHRC 1183 (1999), the operator mistakenly paid the penalty "because the employee normally responsible for the initial review of any proposed assessment, the safety administrator, was out of the country." *Id.* at 1184. In both cases, the Commission found that the operator had intended to contest the penalty, and that its payment was inadvertent or mistaken. *Id.*; *Kaiser Cement*, 23 FMSHRC at 375. Thus, the Commission granted the motion to reopen in each case.

The Commission failed to explain why it did not follow *Kaiser Cement* or *Doe Run.* Of course, the Commission is not bound by its precedent. *See*

*Atchison, Topeka & Santa Fe Ry. Co. v. Wichita Bd. of Trade*, 412 U.S. 800, 808 (1973). Nor must it distinguish every prior decision that features somewhat similar facts. *Lone Mountain*, 709 F.3d at 1164. In particular, an agency decision may "stand without elaborate explanation where distinctions between the case under review and the asserted precedent are so plain that no inconsistency appears." *Id.* (quoting *Bush–Quayle '92 Primary Comm., Inc. v. Fed. Election Comm'n*, 104 F.3d 448, 454 (D.C. Cir. 1997)).

But an agency "may not apply its precedents arbitrarily." *Rodriguez-Manzano*, 666 F.3d at 954. In this case, the FMSHRC articulated one principle: "where a failure to contest a proposed assessment results from an inadequate or unreliable internal processing system, the operator has not established grounds for reopening the assessment." Although stated like a rule, it is not so applied. The Commission routinely grants motions to reopen where the operator's internal processing system is at fault. *Kaiser Cement* and *Doe Run* are older examples, perhaps predating the Commission's internal processing system rule.[2] But more recently, in *Warrior Coal, LLC*, 36 FMSHRC 870 (2014), the operator blamed its delay in contesting a penalty on "an unknown error in its internal mail delivery." *Id.* at 871. The Commission granted the motion without mentioning the internal processing system rule. *Id.* In another case involving Pinnacle Mining, the operator failed to timely contest a penalty "because its safety manager, who [was] responsible for handling proposed assessments, was on Christmas vacation when the proposed assessment was delivered." *Pinnacle Mining Co.*, 38 FMSHRC 422, 422–23 (2016). Again, the Commission granted the motion to reopen without reference to the internal processing system rule. *Id.* at 423. In another case decided shortly after

---

[2] The oldest case cited by the Commission in support of this rule is *Pinnacle Mining Co.*, 30 FMSHRC 1061 (2008), decided seven years after *Kaiser Cement* and nine years after *Doe Run*.

*Noranda* (though not cited by the petitioner), the Commission reopened a proposed penalty even though the operator's failure to timely challenge the assessment was due to an "internal processing error." *C.R. Briggs*, 37 FMSHRC 2754, 2755 (2015). The Commission did not explain why it reopened the case despite this error.

Perhaps these cases are distinguishable from Noranda's. The Secretary offers two distinctions, which we address in turn. First, Noranda did not formally contest the citations, as Kaiser Cement and Doe Run did. As the D.C. Circuit noted in *Lone Mountain*, contesting a citation indicates an operator's intent to contest the penalty. 709 F.3d at 1163. But since deciding *Kaiser Cement* and *Doe Run*, the Commission has come to discourage citation contests. *See Marfork Coal*, 28 FMSHRC at 843. Moreover, Noranda did request a "safety and health conference" to try to persuade MSHA to withdraw the citations. This request could have indicated Noranda's intent to contest the penalty. Second, the Secretary opposed Noranda's motion whereas it did not oppose Warrior Coal's or C.R. Briggs's. *Warrior Coal*, 36 FMSHRC at 871; *C.R. Briggs*, 37 FMSHRC at 2755. But the Secretary did oppose Pinnacle Mining's motion in 2016. *Pinnacle Mining*, 38 FMSHRC at 423. Thus, Noranda's case is not obviously distinguishable from these prior precedents.

Even if these cases are obviously distinguishable based on some unspoken factor, the Commission failed to "apply the same basic rule[] to all similarly situated supplicants." *Henry*, 74 F.3d at 6. In this case, the Commission applied a rule that, on its face, admits of no exception. Yet *Kaiser Cement*, *Doe Run*, *Warrior Coal*, and *Pinnacle Mining* are all exceptions. Indeed, the Secretary does not even argue that the operator's default in those cases resulted from something other than an inadequate internal processing system. But the Commission did not cite its internal processing system rule in those cases, let alone explain why it did not apply. Based on our review of the

Commission's orders, an inadequate internal processing system is not *why* the Commission denies a motion to reopen. Instead, it is merely a reason the Commission cites when it chooses to deny a motion to reopen. When the Commission chooses to grant a motion to reopen, it ignores this rule.

Other than relying on an inconsistently applied rule, the Commission did not describe the factors that motivated its disposition in this case. Its decision-making process was therefore "arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios*, 560 F.3d at 358.

On remand, the Commission may very well deny Noranda's motion to reopen. "[B]ut it must do so with more clarity than it showed in the first instance." *Lone Mountain*, 709 F.3d at 1164. In particular, the Commission should describe the factors it uses in deciding motions to reopen. And if the Commission again departs from factually similar precedent, it should justify this departure.

## IV. CONCLUSION

For the foregoing reasons, we GRANT the petition for review and REMAND for further proceedings.