# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 8, 2023

Lyle W. Cayce
Clerk

No. 22-60322

Cactus Canyon Quarries, Incorporated,

*Petitioner*,

*versus*

Federal Mine Safety and Health Review Commission;
Martin Walsh, Secretary, U.S. Department of Labor,
Mine Safety and Health Administration,

*Respondents*.

On Petition for Review of a Decision of the
Federal Mine Safety & Health Review Commission
Docket No. CENT-2021-0090

Before Wiener, Stewart, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Petitioner Cactus Canyon Quarries, Inc. ("Cactus Canyon") appeals
a decision by an Administrative Law Judge (ALJ) of the Federal Mine Safety
and Health Review Commission ("Commission").

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60322

In 2020, Cactus Canyon was issued three citations by the Mine Safety and Health Administration (MSHA). At issue here is Citation No. 9641812 ("Citation"), which alleges that:

> The air brake system on the #34 yellow International end dump truck . . . was not maintained in functional condition. When inspected[,] the operator (CDL license holder) demonstrated the correct method of testing the low brake pressure alarm[;] the low brake pressure alarm system failed to work in two attempts.

*Sec'y of Labor v. Cactus Canyon Quarries Inc.*, 44 FMSHRC 289, 298 (Apr. 2022).[1] The low brake pressure alarm failure violated Section 56.14101(a)(3), which requires that "[a]ll braking systems . . . be maintained in functional condition." 30 C.F.R. § 56.14101(a)(3).

Cactus Canyon contested its citations before an ALJ. *See* 30 U.S.C. §§ 815(d). The ALJ heard fact witness testimony and concluded that the alarm was part of the braking system. *Cactus Canyon*, 44 FMSHRC at 295. The Citation was maintained, but Cactus Canyon's negligence determination was reduced from moderate to low. *Id.* at 296–99. A penalty of $123 was assessed. *Id.* Cactus Canyon appealed.

As the circuit in which the violation occurred, we have jurisdiction to review this agency adjudication. 30 U.S.C. § 816(a)(1). We review the ALJ's legal conclusions *de novo* and its factual findings for substantial evidence. *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 489 (5th Cir. 2015).

We hold that the ALJ properly interpreted Section 56.14101(a)(3) to include the low brake pressure alarm as a component of the truck's "braking

---

[1] The ALJ vacated the remaining citations. Cactus Canyon also raises issues regarding the vacated citations on appeal, but it cannot pursue those arguments here— Cactus Canyon is no longer "adversely affected or aggrieved by" the Commission on those citations. 30 U.S.C. § 816(a)(1).

system." Cactus Canyon contends that the alarm is not such a component, because it has no effect on the braking system's ability to stop and hold equipment. But the regulation's plain language and purpose support the inclusion of the alarm in the "braking system."

In interpreting this regulation, we must first determine whether the standard is "genuinely ambiguous." *Kisor v. Wilkie*, 139 S.Ct. 2400, 2415 (2019). We find that it is not, so the regulation "just means what it means." *Id.* at 2416. The Commission engaged in this exercise in *Secretary of Labor v. Daanen & Janssen*, when it determined that "the plain language of the standard mandates a finding of violation when a component of the braking system is not maintained in functional condition, regardless of whether the braking system is capable of stopping and holding the vehicle." 20 FMSHRC 189 (Mar. 1998).

When we independently do the same, we conclude that the braking regulation unambiguously supports the Government's interpretation. Since a "system"—by definition at the time of the regulation's passage—is composed of parts, the Section's reference to "braking systems" extends to its related components, including those that do not simply function to stop and hold the vehicle. WEBSTER'S THIRD INTERNATIONAL DICTIONARY (UNA-BRIDGED) 2322 (1986) (defining "system" as "a complex unity formed of many often-diverse parts subject to a common plan or serving a common purpose."). The maintenance of this component advances the regulation's purpose of ensuring miner safety, and the plain text of the regulation is not counter to this interpretation—an alarm that sounds based on the condition of the braking system is a component of the "braking system[]." 30 C.F.R. § 56.14101(a)(3); *see Sec'y of Labor v. Dolese Bros. Co.,* 16 FMSHRC 689, 693 (Apr. 1994) ("A safety standard 'must be interpreted so as to harmonize with and further . . . the objectives of' the Mine Act.") (quoting *Emery Mining Co. v. Sec'y of Labor,* 744 F.2d 1411, 1414 (10th Cir. 1984)).

The ALJ's findings of fact corroborate this interpretation and are supported by substantial evidence.[2] The inspector testified that (1) the alarm alerts drivers whenever the brake pressure is low and (2) if the air pressure drops too low, backup brakes could suddenly stop the truck. The alarm serves to prevent actual failure and injury.

The ALJ did not need expert testimony to come to this conclusion, as Cactus Canyon lengthily contends.[3] Specifically, Cactus Canyon asserts that the Secretary's evidence should have been admitted only as expert testimony under Federal Rule of Evidence 702 because of the technical complexities of the braking system. The ALJ correctly addressed Cactus Canyon's arguments—the inspector testified on personal knowledge which he was equipped to do in light of the simplicity of the issues—but the Federal Rules of Evidence also do not control Commission hearings. *See Sec'y of Labor v. Mid-Continent Res., Inc.*, 6 FMSHRC 1132, 1139 n.6 (May 1984) ("While the Federal Rules of Evidence may have value by analogy, they are not required to be applied to our hearings—either by their own terms, by the Mine Act, or by our procedural rules."); *see also* Fed. R. Evid. 1101 (identifying proceedings to which the rules apply).

We finally address Cactus Canyon's due process arguments regarding notice. Cactus Canyon contends that it was not provided requisite notice of this regulation because no prior inspector had issued a citation related to the

---

[2] Substantial evidence also supports the ALJ's finding that the alarm was not functional, which the parties do not dispute. The witnesses unanimously agreed that the alarm did not work.

[3] Cactus Canyon's contention that it was denied due process because of the ALJ's evidentiary errors accordingly fails. We note that this argument has other defects including the fact that the Administrative Procedure Act, 5 U.S.C. 701, et seq., does not apply to Commission hearings or to this court's review of Commission decisions. 30 U.S.C. § 956; *Noranda Alumina, L.L.C. v. Perez*, 841 F.3d 661, 664 (5th Cir. 2016).

low air pressure warning alarms on any of its vehicles. But inconsistent enforcement is no excuse here. *See Mainline Rock & Ballast, Inc. v. Sec'y of Labor*, 693 F.3d 1181, 1187 (10th Cir. 2012) ("[T]he MSHA cannot be estopped from enforcing its regulations simply because it did not previously cite the mine operator."). Cactus Canyon had adequate notice of this interpretation based on the Commission's longstanding decision in *Daanen & Janssen. See Corbesco, Inc. v. Dole*, 926 F.2d 422, 427–28 (5th Cir. 1991). Fair notice does not require "explicit prior notice of a specific prohibition or requirement." *Sec'y of Labor v. Ideal Cement Co.*, 12 FMSHRC 2409, 2416 (Nov. 1990).

We thus DENY Cactus Canyon's petition for review and AFFIRM the ALJ's Decision and Order.