# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2026

Lyle W. Cayce
Clerk

————————

No. 25-60581
Summary Calendar

————————

Bianka Paola Lopez-Pineda,

*Petitioner*,

*versus*

Todd Wallace Blanche, *Acting U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 366 696

———————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Bianka Paola Lopez-Pineda, a native and citizen of Honduras, petitions for review of the denial of her motion to reopen by the Board of Immigration Appeals (BIA). We review the BIA's denial of a motion to

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

reopen "under a highly deferential abuse-of-discretion standard." *Garcia v. Garland*, 28 F.4th 644, 646 (5th Cir. 2022) (citation omitted).

Lopez-Pineda first argues the BIA erred in declining to apply equitable tolling to her motion-to-reopen filing deadline, as she was unable to file a meritorious motion until the issuance of *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), which altered the interpretation of 8 U.S.C. § 1229b's stop-time rule. This assertion, however, does not explain what steps she took to address her defective NTA in the years between *Niz-Chavez*'s issuance in 2021 and her untimely motion to reopen in 2024, and thus she fails to satisfy the first prong of the equitable-tolling standard. *See Gonzalez Hernandez v. Garland*, 9 F.4th 278, 284 (5th Cir. 2021) (explaining petitioner's due-diligence requirement for entitlement to equitable tolling); *see also Flores-Moreno v. Barr*, 971 F.3d 541, 544–45 (5th Cir. 2020) (holding that BIA did not abuse its discretion by requiring petitioner to provide evidence of at least some efforts during three-year period between consultations with different attorneys).

Next, Lopez-Pineda asserts the BIA erred in rejecting her argument that an allegedly deficient notice to appear (NTA) divested the immigration court of jurisdiction. This argument is foreclosed by circuit precedent. *See Maniar v. Garland*, 998 F.3d 235, 242 n.2 (5th Cir. 2021) ("It is 'the regulations, not 8 U.S.C. § 1229(a), [that] govern what a notice to appear must contain to constitute a valid charging document . . . [u]nder the regulations, a notice to appear is sufficient to commence proceedings even if it does not include the time, date, or place of the initial hearing.'" (citation omitted)); *see also Garcia*, 28 F.4th at 646-48. Nor has she shown the BIA abused its discretion in rejecting her due-process challenges to her removal proceedings based upon a deficient NTA. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009) (holding petitioners "[cannot] establish a

No. 25-60581

due process violation because there is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought").

Finally, Lopez-Pineda contends the BIA abused its discretion by failing to reopen her removal proceedings *sua sponte*. We lack jurisdiction to consider this action because we have no legal standard by which to judge the BIA's discretionary ruling. *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017).

The petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.